```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 05-260 |
| | ) |
| THEODORE BLAKEMAN | ) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                May 29, 2006

       Defendant, Theodore Blakeman, moves the court to suppress a handgun that was seized by probation officers from under defendant's bedroom mattress on October 28, 2004. Defendant has standing to present this motion. The principal issue raised by the motion is whether the probation officers had reasonable suspicion to conduct a warrantless search of defendant's apartment.

       For the following reasons, defendant's motion to suppress is denied.

I.   FINDINGS OF FACT

       On May 5, 2006, and May 22, 2006, an evidentiary hearing was held on defendant's motion. Based on the credible evidence introduced, we make the following findings of fact.

       At approximately 7:00 p.m., on October 27, 2004, parole agents Wolfe and Sobol of the Pennsylvania Board of Probation and

Parole conducted a routine field check of defendant, Theodore Blakeman's, residence on Franklin Avenue in Wilkinsburg, Pennsylvania.[1] The officers were responsible for supervising defendant while he was on probation. Defendant's brother, Frank James, who lived with defendant, answered the door and informed the agents that defendant was not home. Agent Sobol saw what he believed to be part of a marijuana cigarette in an ashtray on a table in the livingroom. The agents left the residence on without incident. Upon leaving defendant's residence, Agent Sobol told Agent Wolfe that he had seen what he thought was a marijuana cigarette. He also informed his supervisor, Mark Gabonay.

The next day, on October 28, 2004, at approximately 8:00 p.m., Supervisor Gabonay, along with Agents Sobol and Wolfe, returned to defendant's residence for the purpose of searching the residence for drugs and drug paraphernalia. Upon arriving at defendant's residence, defendant answered the door and permitted the agents to enter. Mr. James was also present. The agents

---

[1] There was a conflict between the testimony at the hearing and the written report of the agents as to the date the visit took place. The report gives the date as October 24, 2004, rather than the 27th. The court finds the agents' explanation, that the discrepancy was a typographical error in the report, and the visit in fact occurred on October 27, 2004, credible.

2

advised defendant and Mr. James that Agent Sobol had observed the marijuana cigarette in the residence the day before.  Mr. James admitted that the marijuana cigarette Agent Sobol observed belonged to him.  The agents advised defendant and Mr. James that they were going to "take a look around" the residence, to which the defendant responded, "go ahead."  During the agents' search of the residence, Agent Wolfe found a loaded .38 caliber handgun under defendant's mattress.  Shortly thereafter, the agents placed defendant in custody.  The officers did not have a warrant to search defendant's residence.

## II.     STATEMENT OF REASONS

The Fourth Amendment protects people against unreasonable searches and seizures.  To be reasonable, a search usually requires a warrant, supported by probable cause.  However, there are exceptions allowing warrantless searches under certain circumstances.  In Griffin v. Wisconsin, the Supreme Court found that the search of a probationer's residence was one such exception.  Griffin v. Wisconsin, 483 U.S. 868 (1987).

In Griffin, the Supreme Court found that the special needs of a state's probation system justified departure from the usual warrant and probable cause requirements.  Griffin, 483 U.S. at 873-74.  In that case, Wisconsin statutes and regulations

3

permitted probation officers to search a probationer's property without a warrant if they had "reasonable grounds" to believe that contraband was present.   Griffin, 483 U.S. at 876.  The Supreme Court held that a warrantless search of a probationer's home conducted pursuant to those regulations was constitutional under the Fourth Amendment.  Id.  In a later case, the Supreme Court found that a warrantless search of a probationer's house was constitutional where it was supported by a "reasonable suspicion" of illegal activity.  United States v. Knights, 534 U.S. 112, 121 (2001).

Reasonable suspicion is a less demanding standard than probable cause.  U.S. v. Ramos, 443 F.3d 304, 308 (3d. Cir. 2006).  Unlike probable cause, which means "a fair probability that contraband or evidence will be found," reasonable suspicion requires a lower level of suspicion.  Id.  Under the reasonable suspicion standard, an officer must be able to point to specific and articulable facts, which taken together with rational inferences from those facts, warrants the intrusion.  Terry v. Ohio, 392 U.S. 1, 16 (1968).

Pennsylvania has adopted this "reasonable suspicion" standard.  In Pennsylvania, a probation officer may search the residence of a probationer if there is reasonable suspicion to believe that contraband or other evidence of violations of the

4

conditions of supervision will be found. 61 Pa. Cons. Stat. §331.27a(d)(2). Both before and after the effective date of that statute in 1996, the Court of Appeals for the Third Circuit has found that a warrantless search of a probationer's residence is constitutional if it is based on specific facts leading to a reasonable suspicion of illegal activity. United States v. Baker, 221 F.3d 438, 443-44 (3d Cir. 2000); United States v. Hill, 967 F.2d 902, 910 (3d Cir. 1992).

The court finds that there was reasonable suspicion to search the residence. The credible evidence establishes that Agent Sobol observed the marijuana cigarette during a routine field check on October 27, 2004. When the agents returned to defendant's residence the next day, Mr. James admitted that the marijuana cigarette had been there. Mr. James' admission, coupled with Agent Sobol's observation, was sufficient to give rise to a reasonable suspicion on the part of the agents of illegal activity. The law authorizes a probation officer to search the residence of a probationer if there is reasonable suspicion to believe that contraband or other evidence of violations of the conditions of supervision will be found. 61 Pa. Cons. Stat. §331.27a(d)(2). Under the circumstances, the agents had reasonable suspicion to believe that a search of the residence might reveal other contraband items, such as other

drugs, drug paraphernalia, or weapons. Thus, in this case, the warrantless search was constitutional.

III. CONCLUSION

Therefore, this 29th day of May, 2006, IT IS HEREBY ORDERED that defendant's motion to suppress [document #31] is DENIED.

BY THE COURT:

_____, J.

cc: All counsel of record